133 So.2d 696

**Dale E. BIRDSELL**

v.

**STATE.**

**3 Div. 69.**

Court of Appeals of Alabama.

Oct. 17, 1961.

Dale E. Birdsell pro se.

MacDonald Gallion, Atty. Gen., and John G. Bookout, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been convicted of obtaining goods in the value of $47.84 by false pretense. His motion for a new trial being overruled appellant on the same day filed a motion for leave to prosecute an appeal in forma pauperis and requesting that he be furnished with the transcript of the evidence.

This court was confronted with the doctrine of Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, in which the Supreme Court of the United States held that failure of a State to furnish an indigent appellant with a full transcript on appeal was a violation of the Fourteenth Amendment of the United States Constitution. There were no funds available under our statutes by which either the State, or any county thereof, could meet the burden created by the doctrine of Griffin v. People of State of Illinois, supra.

However, by Act No. 62 of the 1961 Legislature (House Bill No. 207), approved 15 September 1961, the Legislature passed an act designed to meet the requirements of Griffin v. People of State of Illinois, supra.

This bill is of considerable length and we will not here set out its provisions, other than to point out that Section 9 of said Act is to the effect that as to all appeals presently pending in the Supreme Court of Alabama and the Court of Appeals of Alabama, on the effective date of said Act, in which a request for a free transcript of evidence is contained in the record and in which no transcript of the evidence appears, may be remanded to the trial court for proceedings pursuant to the provisions of said Act.

Accordingly, this appeal is hereby remanded to the Circuit Court of Montgomery County for proceedings in accordance with the provisions of Act No. 62, supra.

Remanded.